UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANLEER POVEZ,<br><br>    Plaintiff,<br><br>        v.<br><br>PAUL CARATAZZOLA, DMH, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)   13-10273-FDS<br>)<br>)<br>)<br>)<br>) |

## ORDER

**SAYLOR, J.**

On February 13, 2013, inmate Janleer Povez filed a self-prepared complaint and motions for appointment of counsel and for leave to proceed *in forma pauperis*.

1. Povez did not sign any of the documents, as required by law. The plaintiff is directed to file a signed copy of his complaint within 42 days of the date of this Order. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or part''s attention."). Failure to do so will result in dismissal of this action without prejudice.

2. The motion for leave to proceed *in forma pauperis* (#4) is DENIED. Povez appears to have adequate funds to prepay the filing fee. If Povez wishes to proceed with this action, he must, within 42 days of the date of this Order pay the $350 filing fee. Failure to do so will result in dismissal of this action without prejudice. Once the fee is paid, the complaint will be subject to an initial screening under 28 U.S.C. § 1915A, and the filing fee will *not* be

refunded to the plaintiff if the case is dismissed upon an initial screening or anytime thereafter. The Clerk shall send a copy of this Order to the treasurer of the facility having custody of the plaintiff to facilitate any request by the plaintiff for the filing fee payment to be forwarded to the Court.

      3.      The motion for appointment of counsel (#2) is DENIED WITHOUT PREJUDICE.  Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. §1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. Cir. 1991).  To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *See id.*  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  *See id.* at 24.

      Here, because the filing fee has not been resolved, summonses have not issued, and the defendants have not been required to respond, the Court cannot yet determine whether this case presents exceptional circumstances that would justify the appointment of pro bono counsel.  The Court therefore denies the motion without prejudice to renewal after the defendants have responded to the complaint.

**So Ordered.**

                                    /s/ F. Dennis Saylor  
                                    F. Dennis Saylor IV  
                                    United States District Judge

Dated:  March 5, 2013